Filed 7/29/22  P. v. Green CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　　　v.<br><br>CEDRIC TYRONE GREEN,<br><br>　　Defendant and Appellant. | A162342<br><br>(San Mateo County Super. Ct.<br>No. SC041613A) |

Cedric Tyrone Green appeals the denial of a petition seeking recall of his sentence pursuant to Penal Code[1] section 1170.91, subdivision (b).  Green was convicted of robbery and sentenced under the "Three Strikes" law to 35 years to life, having been convicted of two prior strikes.  (§ 667, subds. (b)–(i); § 1170.12.)  More than two decades later, he sought recall of his sentence and asked to be resentenced under section 1170.91, subdivision (b).  He now requests that we reverse the summary denial of his petition.  We agree with the trial court's determination that Green is not eligible for section 1170.91 relief, and affirm.

---

[1] All undesignated statutory references are to the Penal Code.

# I. BACKGROUND

In November 1997, the San Mateo County District Attorney filed an information charging Green with one count of second degree robbery in violation of section 212.5.  The information alleged a violation of section 1203.09, subdivision (f) because the victim was over 60 years old.  It further charged Green with having been convicted of two prior strikes, six and four years prior.  Green filed a *Romero*[2] motion seeking to dismiss one of his prior strikes.  In 1998, the trial court denied the motion and sentenced him to an indeterminate sentence of 35 years to life in prison under the Three Strikes law.  This court affirmed Green's conviction and sentence in 1999. (*People v. Green* (Sept. 30, 1999, A082658) [nonpub. opn.].)  And in 2015, we affirmed the trial court's denial of Green's petition for resentencing under section 1170.126, the Three Strikes Reform Act of 2012, as Green was statutorily ineligible for resentencing under section 1170.126.  (*People v. Green* (June 30, 2015, A141549) [nonpub. opn.].)

On July 16, 2020, Green filed a petition for recall of his sentence and for resentencing under section 1170.91 so that certain mitigating factors connected to his military service could be taken into account in the sentencing process.  Green asserted he was statutorily eligible for resentencing under section 1170.91 because (1) he was sentenced prior to January 1, 2015, (2) he was a member of the United States Navy and "suffered from substance abuse 'as a result of his [. . .] military service,' " and (3) "the sentencing court in 1998 did not have an opportunity to consider . . . that [he] suffered from substance abuse as a result of his military service."

The trial court ruled that Green was ineligible for relief under section 1170.91, subdivision (b), and summarily denied his petition, finding the plain

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

language of section 1170.91 precluded relief. The court interpreted section 1170.91 to require a defendant to have been sentenced to a determinate sentence under section 1170, subdivision (b) to be eligible for relief under section 1170.91. Because Green was sentenced to an indeterminate sentence under section 1170.12, subdivision (c)(2), the court found him to be categorically ineligible for relief.

This timely appeal followed.

## II. DISCUSSION

Relying on the plain language and legislative intent of section 1170.91, subdivision (b), Green contends the trial court erred in summarily denying his resentencing petition. We read the statute differently and see no error.

### A. *Relevant Legal Background—Section 1170.91*

The Legislature enacted former section 1170.91 in 2014. (Stats. 2014, ch. 163, § 2.) The original version of the statute, prior to a 2018 revision, is now set forth in section 1170.91, subdivision (a). Section 1170.91, subdivision (a), requires the court to consider as a mitigating factor the fact that the defendant "is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service . . . when imposing a term under subdivision (b) of Section 1170." (§ 1170.91, subd. (a); see former § 1170.91; Stats. 2014, ch. 163, § 2.) A new subdivision (b), added to section 1170.91 in 2018, allows for retrospective relief from a final judgment, provided the petitioner satisfies particular conditions. (*People v. Stewart* (2021) 66 Cal.App.5th 416, 422 (*Stewart*).)

Subdivision (b)(1) of section 1170.91 now provides: "A person currently serving a sentence for a felony conviction . . . who is, or was, a member of the United States military and who may be suffering from sexual trauma,

traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall of sentence . . . to request resentencing pursuant to subdivision (a) if the person meets both of the following conditions:

"(A) The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing.

"(B) The person was sentenced prior to January 1, 2015." (§ 1170.91, subd. (b)(1).)

## B. *Whether Section 1170.91 Authorizes Relief for Defendants with Final Convictions Who Are Serving Indeterminate Sentences*

We do not agree with Green's proposed interpretation of the text of section 1171, subdivision (b), whether this provision is read individually or contextually within the statutory scheme of which it is part. Bearing in mind the pertinent case law, we see the dispositive issue here as whether the resentencing authority granted by section 1170.91, subdivision (b), which applies to sentences based on convictions suffered by "trial or plea," extends to indeterminate sentences. We hold it does not.

Questions of statutory interpretation are reviewed de novo. (*People v. Prunty* (2015) 62 Cal.4th 59, 71.) Our primary goal is "to ascertain and effectuate the law's intended purpose." (*Weatherford v. City of San Rafael* (2017) 2 Cal.5th 1241, 1246.) We must start by examining the statutory language as "the words of a statute are generally the most reliable indicator of legislative intent." (*In re C.H.* (2011) 53 Cal.4th 94, 100.) We read the statutory language with its " ' "usual and ordinary meaning, and '[i]f there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs.' " ' " (*Lee v. Hanley* (2015)

4

61 Cal.4th 1225, 1232–1233.) If the statutory language is ambiguous, we consider legislative history and the intent of the lawmakers. (*Id*. at p. 1233.) We use the interpretation that aligns " ' "most closely with the apparent intent of the lawmakers, with a view to promoting rather than defeating the general purpose of the statute." ' " (*Ibid*.)

Green petitions for a recall of his sentence under section 1170.91, subdivision (b). He asserts that the plain language of section 1170.91, subdivision (b)(1) sets forth clear and explicit criteria as to who can petition for such a recall: military members or veterans who are suffering from certain mental health and substance abuse issues resulting from their military service which was not considered as a mitigating factor by the trial court and if the person was sentenced before January 1, 2015. The Attorney General, adopting the trial court's reading of the statute, argues that the plain language of section 1170.91, its legislative history, and case law establish that Green is categorically ineligible for relief because he is serving an indeterminate sentence.

We agree with the Attorney General. It is not necessary to consider whether Green satisfied the specific requirements listed in section 1170.91, subdivision (b), because he is categorically ineligible for relief under the plain language of the statute. Green's take on the statutory language, while superficially plausible, is incorrect. He contends that section 1170.91, subdivision (b)(1) does not limit resentencing eligibility to individuals serving determinate sentences pursuant to section 1170, subdivision (b). But the trial court did not add eligibility criteria to section 1170.91, subdivision (b). Rather, the language of the statute, on its face, applies only to defendants serving determinate sentences. (*Stewart*, *supra*, 66 Cal.App.5th at p. 423; see *People v. Estrada* (2020) 58 Cal.App.5th 839, 842–843.)

5

A petitioner who satisfies the conditions set out in section 1170.91, subdivision (b)(1), is eligible to request "resentencing pursuant to subdivision (a)." (§ 1170.91, subd. (b)(1).) Subdivision (a) of section 1170.91 applies only "when imposing a term under subdivision (b) of Section 1170." (§ 1170.91, subd. (a).) Section 1170, subdivision (b) governs determinate triad sentencing. Put simply, section 1170.91 applies when a statute provides for a *determinate* sentence with an upper, middle, and lower term. (See *People v. King* (2020) 52 Cal.App.5th 783, 786 [section 1170.91 "provides for resentencing of military members or veterans suffering from certain mental health and substance abuse problems as a result of military service if they were sentenced to a determinate term prior to January 1, 2015, and the sentencing court did not consider the mental health and substance abuse problems as factors in mitigation"]; *Stewart, supra,* 66 Cal.App.5th at p. 423 ["Subdivision (b) of section 1170 applies when a statute provides for a determinate upper, mid[dle], and lower term; it provides that, in selecting the appropriate term, the trial court must consider factors in mitigation and aggravation, if any."].)

If a statute is unambiguous, as is the case with section 1170.91, we need not consider the legislative history. But taking Green's argument on its own terms, and assuming arguendo that the statutory language is reasonably susceptible of the interpretation he proffers, the legislative history supports the trial court's interpretation of the statute. It is correct, as Green suggests, that the Assembly Floor Analysis of Assembly Bill No. 865 (2017–2018 Reg. Sess.) (enacted in 2018 and amended section 1170.91 to include subdivision (b)) illustrates the Legislature's intent to expand the statute to "ensure . . . equal treatment of all veterans" (Assem. Floor Analysis of Assem. Bill No. 865 (2017–2018 Reg. Sess.) as amended Aug. 17, 2018, p. 4), but his

6

version of the legislative history fails to present the whole picture. The Assembly Floor Analysis of Assembly Bill No. 865 simply demonstrates the Legislature's intent to make section 1170.91 *retroactive* so that " 'there is equal treatment of all veterans, not just those convicted after January 1, 2015.' " (Assem. Floor Analysis of Assem. Bill No. 865 (2017–2018 Reg. Sess.) as amended Aug. 17, 2018, p. 4.) Thus, subdivision (b) of Section 1170.91 expands the temporal application of subdivision (a) by amending the provision to be *retroactive* to include individuals sentenced to determinate terms before January 1, 2015. There is no indication, however, that the Legislature intended to extend the benefit of section 1170.91 resentencing to veterans sentenced to indeterminate terms, a class of defendants who were not covered by section 1170.91 as originally enacted.

Green's statutory purpose argument is also off the mark. Neither statutory history nor statutory purpose overrides the plain terms of a statute. Green insists that section 1170.91 is a method for military veterans to petition for a recall of their sentence and to request resentencing, but here too, we are unpersuaded even if we accept the premise that statutory purpose is relevant to the analysis here. Under current case law, section 1170.91 is a remedy only for those already sentenced within the determinate triad sentencing scheme. (See *Stewart*, *supra*, 66 Cal.App.5th 416; *People v. Estrada*, *supra*, 58 Cal.App.5th 839.) It is not a vehicle to transfer from an indeterminate sentencing scheme to a determinate sentencing scheme. There are remedies available for petitioners to seek relief from an indeterminate sentence, namely a *Romero* motion and a petition for relief under section 1170.126. Green pursued both remedies to no avail.

In 1998, the court denied Green's motion to dismiss one of his previous strikes under *Romero* during sentencing for his third strike. Then in 2015,

this court affirmed the trial court's denial of Green's petition for resentencing under section 1170.126. (*People v. Green, supra*, A141549.) This court held that Green was statutorily ineligible for relief because section 1170.126 applies to individuals serving "an indeterminate term of life imprisonment . . . for a conviction of a felony or felonies that are not defined as serious and/or violent felonies . . . ." (§ 1170.126, subd. (e); see *People v. Green, supra*, A141549.) Green's robbery conviction is defined as a serious and violent felony, disqualifying him for relief under section 1170.126. (*People v. Green, supra*, A141549.)

Thus, Green's argument that section 1170.91 is a method to petition for recall of his indeterminate sentence and request resentencing is incorrect. Section 1170.91 is not, in effect, a vehicle for relitigation of a *Romero* motion that was denied long ago and has since become final. We agree with the Court of Appeal in *Stewart*, which held: "Section 1170.91 is not a vehicle for obtaining the opportunity to make a *Romero* motion. We repeat, it requires the trial court, if resentencing is granted, to consider the petitioner's military-related disorder 'as a factor in mitigation *when imposing a term* under subdivision (b) of [s]ection 1170.' (§ 1170.91, subd. (a), italics added; see also *id.*, subd. (b)(1).) It does not require the trial court to consider it when deciding *whether* to impose a term under section 1170, subdivision (b). In other words, granting a *Romero* motion is not imposing a term. The trial court must consider the military-related disorder as a mitigating factor only when making a choice from a triad." (*Stewart, supra*, 66 Cal.App.5th at p. 424.)

## III. CONCLUSION AND DISPOSITION

As Green's counsel correctly pointed out at oral argument, much is known today about the significance of continuing trauma suffered by military veterans that simply was not appreciated at the time Green was sentenced.

8

Arguably, therefore, his case shows that there may be good policy reasons to authorize resentencing for the purpose of considering service-related trauma, whether the defendant is currently serving a determinate sentence or an indeterminate sentence. We would invite the Legislature to revisit this issue if that is what it wishes to accomplish. But as currently written, section 1171, subdivision (b) does not do so.

The summary denial of Green's petition is affirmed.

STREETER, J.

WE CONCUR:

POLLAK, P. J.
BROWN, J.